IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Clara Sanchez, | NO. C 08-00791 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Michael A. Astrue, Commissioner of Social Security | |
| Defendant. | |

## I. INTRODUCTION

Clara Sanchez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff supplemental security and disability benefits. Presently before the Court are the parties' Cross-Motions for Summary Judgment.[1] The matter was submitted without oral argument. See Civ. L.R. 16-5. Based on the papers submitted to date, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff was born on August 12, 1952. (Transcript at 65, hereafter, "TR.") She attended school in Mexico up to the third grade and formerly worked as a hotel housekeeper from 1989 until 1995. (TR 158, 184.)

---

[1] (Plaintiff's Motion for Summary Judgment and/or Remand, hereafter, "Plaintiff Motion," Docket Item No. 14; Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, hereafter, "Defendant Motion," Docket Item No. 15.)

1 On May 11, 2000, Plaintiff applied with the Social Security Administration ("SSA") for 2 supplemental security income benefits. (TR 65.) On September 20, 2004, Plaintiff again filed for 3 supplemental security income benefits and filed an additional application for disability benefits on 4 the basis that she has been disabled since October 9, 1995. (TR 124-129.) Plaintiff claimed that she 5 suffered from severe back and tendon pain, could not lift more than 10 pounds and could not sit for 6 long periods of time. (TR 179.)

7 On December 29, 2004, the SSA denied Plaintiff's applications. (TR 90-97.) On June 14, 8 2005, Plaintiff's applications were again denied on reconsideration. (TR 99-104.) On August 14, 9 2005, Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"). (TR 81.) A hearing 10 was held before an ALJ on June 20, 2006. (Id.) The ALJ issued an opinion on July 27, 2006 finding 11 that Plaintiff was not disabled. (TR 81-89.) Plaintiff sought an appeal with the Appeals Council and 12 the Council granted her request. (TR 119.) On January 25, 2007, the Council remanded her case to 13 the ALJ so that the ALJ could provide an explanation for rejecting Plaintiff's treating chiropractor's 14 opinion and further consideration "to the nature and severity of the claimant's impairments and 15 provide a rationale for the conclusions reached regarding the specific limitations." (TR 121.)

16 On April 13, 2007, the ALJ issued a second opinion, finding as follows:[2] First, Plaintiff had 17 not engaged in substantial gainful activity since her alleged onset date of October 9, 1995. (TR 21.) 18 Second, Plaintiff had a "severe" medical impairment–degenerative disc disease, dysthymia, anxiety 19 and a personality disorder. (TR 21.) Third, Plaintiff did not have an impairment that meets or 20 medically equals one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, Appx. 1. (Id.) In light 21 of his third finding, the ALJ, determined that Plaintiff had a residual functional capacity ("RFC") to 22 perform light work and simple repetitive tasks on a consistent basis. (TR 22.) Fourth, Plaintiff was 23 able to perform her past relevant work as a housekeeper. (TR 23.) On the basis of his finding at

---

[2] The ALJ incorporated some findings from his July 27, 2007 opinion. (See, e.g. TR 21.) To the extent the ALJ's previous findings are incorporated into his April 13, 2007 opinion, the Court discusses them as if they are part of the April 13, 2007 opinion.

2

Step Four, the ALJ determined that Plaintiff has not been under a disability since October 9, 1995. (TR 28.)

Plaintiff sought an appeal from the April 13, 2007 determination and, on November 30, 2007, the Appeals Council denied review, making the ALJ's decision the final ruling of the Commissioner. (TR 8.) On February 4, 2008, Plaintiff filed this action seeking judicial review. (See Docket Item No. 1.) Presently before the Court are the parties' Cross-Motions for Summary Judgment. Plaintiff seeks summary judgment finding that she is disabled, or, in the alternative, remanding this case to the SSA for further proceedings as to whether she is disabled. Defendant seeks summary judgment upholding the ALJ's final determination that Plaintiff is not disabled.

### III.  STANDARDS

To be eligible for benefits under Title XVI of the Social Security Act, the claimant must be disabled. The claimant bears the burden of proving disability within the meaning of the Social Security Act. Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (internal citations omitted); see also 42 U.S.C. § 1382(c)(3). A claimant is "disabled" for purposes of receiving Social Security benefits if she is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

There is a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920. If at any step, the Social Security Administration makes a determination of disability or non-disability, the evaluation process terminates. 20 C.F.R. § 416.920(a)(4). First, the evaluator considers the claimant's current work activity and makes a determination of non-disability if she is performing "substantial gainful activity." Second, the evaluator determines whether the claimant has suffered from a severe, medically determinable impairment for at least twelve months and makes a determination of non-disability if she has not. Third, the evaluator assesses whether the claimant's condition meets or equals any impairments on the Social Security Administration's list of predefined

qualifying impairments, and makes a determination of disability if it does.[3]  Fourth, the evaluator determines whether the claimant can perform her past relevant work and makes a determination of non-disability if she can.  Fifth, the evaluator considers whether the claimant can move to alternative work; the evaluator makes a determination of disability if she cannot, and a determination of non-disability if she can.[4]  Id.; see also Barnhart v. Thomas, 540 U.S. 20 (2003).

A district court overturns an ALJ's determination of non-disability only if it is unsupported by substantial evidence or based on legal error.  See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  Substantial evidence "means more than a mere scintilla, but less than a preponderance;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal citations and quotation marks omitted.)  The reviewing court considers the record as a whole, not merely the evidence lending support to the ALJ's findings.  See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  The court cannot substitute its own conclusion for the ALJ's if there is sufficient evidence to support the ALJ's outcome.  See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Questions of credibility and resolution of conflicts in the testimony are solely determinations to be made by the ALJ.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

## IV. DISCUSSION

The parties dispute the validity of the ALJ's determination of non-disability.  Plaintiff moves for summary judgment on the grounds that (1) the ALJ did not make findings regarding Plaintiff's RFC that were sufficiently specific and supported by substantial evidence; (2) the ALJ improperly discounted Plaintiff's credibility regarding her symptoms; and (3) the ALJ made improper findings at Step Four.  (Plaintiff Motion at 5.)  Defendant contends that all of the ALJ's finding were

---

[3] Between the third and fourth steps of the disability determination, the evaluator assesses the claimant's RFC. 20 C.F.R. § 416.920(a)(4). RFC is determined based on medical and other evidence in the claimant's record and is used during the final two steps to determine whether the claimant is able to do her relevant previous work or other work. 20 C.F.R. § 416.920(e).

[4] Additionally, during the fifth step, the evaluator considers the "vocational factors" of age, education, and past work experience to determine whether the claimant can transition to other work. 20 C.F.R. § 416.920(f).

4

appropriately supported by substantial evidence and that the denial of benefits should be affirmed. (Defendant Motion at 2.)

### A. Residual Functional Capacity

Plaintiff contends that the ALJ's findings concerning her RFC were improper for three reasons: (1) the ALJ's findings were not sufficiently specific; (2) the ALJ's findings were based on improper rejections of several medical opinions; and (3) the ALJ disregarded the effects of some of Plaintiff's impairments. (Plaintiff Motion at 5-8.) The Court considers each issue in turn.

#### 1. Specificity of the ALJ's RFC Finding

Plaintiff contends that the ALJ failed to characterize her RFC with sufficient specificity because he did not provide a "function-by-function" analysis describing what functional limitations were limited to "light work." (Plaintiff Motion at 5.)

Under Social Security Ruling ("SSR") 96-8p, an RFC assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1 (Cum. Ed. 1996). An explicit function-by-function analysis is not required. Shaw v. Commissioner of Social Sec. Admin., No. C 07-3379 EMC, 2008 WL 1734761, at *5 (N.D. Cal. Apr. 14, 2008) (citing cases). The ALJ's opinion need only indicate, even implicitly, that a function-by-function analysis was conducted in determining the claimant's general RFC exertional level. Id.

In this case, the ALJ provided a lengthy analysis of various sources of medical and subjective evidence regarding Plaintiff's physical and mental impairments. (TR 84-88.) Further, the evidence considered by the ALJ addresses Plaintiff's varying functional capabilities. (See, e.g. TR 382-400.) Thus, the Court finds the ALJ's ruling indicates that he conducted a function-by-function analysis required under SSR 96-8b.

### 2. Consideration of Medical Opinions

Plaintiff contends that the ALJ improperly discounted the opinions of Dr. Conrad, an examining physician, Dr. Tropea, a treating chiropractor, and Dr. McCreesh, a treating physician. (Plaintiff Motion at 6-7.) Defendant contends that the ALJ's treatment of these doctors' opinion was a proper resolution of conflicting evidence. (Defendant Motion at 6-7.)

The Code of Federal Regulations distinguishes three types of physicians' opinions: (1) those who treat the claimant ("treating physician"), (2) those who examine but do not treat the claimant ("examining physician"); and (3) those who neither examine nor treat the claimant but review the claimant's medical records ("nonexamining physician"). 20 C.F.R. § 404.1527(d), (f). Ordinarily, more weight is ascribed to the opinion of a treating source than the opinions of physicians who do not treat the claimant. 20 C.F.R. § 404.1527(d)(2); Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a treating doctor is afforded more weight than the opinion of a doctor who has not treated the claimant. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); 20 C.F.R. § 416.927(d)(2). Where the treating doctor's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Id. However, where there is conflicting medical evidence, the ALJ must determine credibility and resolve the conflict. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). Although the treating physician's opinion receives deference, the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ must provide his own interpretations and explain why he is crediting the examining physician's opinions and discrediting the treating physician's opinions. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, the ALJ acknowledged Dr. Conrad's January 6, 2003 evaluation of Plaintiff. (TR 86.) Dr. Conrad found that Plaintiff was "precluded from heavy lifting and prolonged sitting." (Id.) Dr. Conrad also found that Plaintiff could not return to her former hotel housekeeping job. (TR 279.) The ALJ never expressly rejected or discounted Dr. Conrad's assessment. Although the ALJ ultimately determined that Plaintiff could perform her previous work as housekeeper, his finding is not necessarily a rejection of Dr. Conrad's evaluation because the ALJ need only find that Plaintiff can perform her previous work as it is generally performed in the national economy. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986). Thus, contrary to Plaintiff's assertion, the ALJ did not make findings inconsistent with Dr. Conrad's opinion.

With respect to Plaintiff's chiropractor, Dr. Tropea, the ALJ expressly stated that "the treatment records from the Chiropractic Sports Center, Dr. Tony Tropea, D.C., have also been considered." (TR 22.) Further the ALJ considered Dr. Tropea's "daily progress notes" and the various treatments and reports prepared by Dr. Tropea. (Id.) According to Plaintiff, the ALJ did not provide any specific reasons for discounting a September 30, 2004 opinion of Dr. Tropea, in which he recommended that Plaintiff should avoid lifting more than 5 pounds and avoid prolonged sitting or standing.[5] (TR 523.)

As with other witnesses, the ALJ was required to take into account evidence from Plaintiff's chiropractor "unless he or she expressly determine[d] to disregard such testimony" and gave reasons for doing so. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The records concerning Dr. Tropea's treatment of Plaintiff are lengthy. (TR 483-549.) While the ALJ did not explicitly discuss why he discounted the September 30, 2004 opinion, an ALJ is not required to address "every piece of evidence." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Here, the ALJ attributed "little weight" to Dr. Tropea's opinion because it was inconsistent with other

---

[5] Plaintiff refers the Court to an October 25, 2004 opinion of Dr. Tropea, in which he indicates that Plaintiff "was not able to lift over five pounds and unable to do prolonged standing or walking." (Plaintiff Motion at 6.) However, the Court is unable to locate such October 25, 2004 opinion. Thus, the Court assumes Plaintiff is referring to Dr. Tropea's September 30, 2004 opinion.

acceptable medical sources of evidence in the record. (TR 22-23.) A lay person's opinion may be discredited when it is inconsistent with medical evidence.[6] Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Thus, the Court finds that the ALJ did not err by discounting the recommended exertion limits of Plaintiff's treating chiropractor.

With respect to Plaintiff's treating physician Dr. McCreesh, the ALJ acknowledged his June 1, 2006 opinion stating that Plaintiff could only sit for 45 minutes and stand for 20 minutes at one time, could stand or walk for less than two hours in an eight-hour work day and sit for four hours in an eight-hour work day, and could occasionally lift less than 10 pounds and only rarely up to 10 pounds. (TR 479-81.) The ALJ discounted Dr. McCreesh's findings for several reasons. First, the ALJ found that there was a "lack of any significant objective evidence in [Dr. McCreesh's] case file." (TR 23.) Second, the ALJ found that McCreesh's conclusions in June 2006 are inconsistent with the opinions of other examining physicians. (Id.) For example, the ALJ found Dr. McCreesh's June 2006 opinion to be inconsistent with an October 4, 2006 examination by Dr. Nguyen, finding Plaintiff had a normal range of motion and normal "bones/joint/muscles," and reports from Drs. Fujimoto, Kipperman and Dunn that Plaintiff tended to exaggerate her symptoms. (TR 85-87, 557.) Thus, the Court finds that the ALJ set forth specific and legitimate reasons for discounting Dr. McCreesh's June 1, 2006 opinion that are supported by substantial evidence.

**3.     Consideration of Plaintiff's Impairments**

Plaintiff contends the ALJ failed to consider Plaintiff's low intelligence and other reports of her personality disorders in assessing her RFC. (Plaintiff Motion at 7-8.)

Although an ALJ must consider the combined effects of all a claimant's impairments,[7] an ALJ's ultimate determination regarding a claimant's RFC need only be supported by substantial evidence. Tacket, 180 F.3d at 1098.

---

[6] A chiropractor is not an acceptable source of medical evidence, but may be a source of information concerning functioning. 20 C.F.R. §§ 404.1513, 416.913.

[7] See 42 U.S.C. 423(d)(2)(B).

1    Here, as recognized by the ALJ, examining physicians Dr. Good and Dr. Kipperman found
2 Plaintiff to have only "mild" depressive symptoms. (TR 87.) Dr. Allen, who examined Plaintiff on
3 multiple occasions, found that Plaintiff's mental limitations were predominantly mild to minimal
4 and she possessed slight-to-moderate impairments in her ability to perform tasks without supervision
5 or take responsibility for direction, control and planning. (TR 429.) These findings were buttressed
6 further by Plaintiff's workers' compensation examining physician, Dr. Larsen, who found that
7 Plaintiff had a slight to very slight impairment in performing complex tasks and maintaining an
8 appropriate work pace. (TR 458.) Thus, the Court finds that the ALJ's RFC determination–Plaintiff
9 could perform light work consisting of simple repetitive tasks–was supported by substantial
10 evidence. (TR 84.)

11    Accordingly, the Court finds that Plaintiff is not entitled to summary judgment on the ground
12 that the ALJ's findings concerning her RFC were improper.

### B.  Assessment of Plaintiff's Credibility

14    Plaintiff contends that the ALJ improperly discounted her testimony regarding her subjective
15 symptoms. (Plaintiff Motion at 8-9.)

16    Once a claimant produces medical evidence of an underlying impairment, the ALJ may not
17 discredit the claimant's testimony as to subjective symptoms merely because they are unsupported
18 by objective evidence. Bunnel v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991). In the absence of
19 affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing
20 reasons" for rejecting the claimant's testimony. Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.
21 1989). In particular, the ALJ must identify specific testimony that is not credible or specific
22 evidence that undermines the claimant's complaints. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.
23 1993).

24    In this case, the ALJ found that Plaintiff's subjective complaints regarding severe back pain
25 that affected her ability to sleep, sit, stand and walk were not entirely credible. (TR 88.) The ALJ
26 found that her medically determinable impairments could reasonably be consistent with her

testimony regarding these subjective symptoms. (Id.) However, he based his assessment of Plaintiff's credibility primarily on the basis of "the numerous reports of symptom magnification in the record." (Id.) As discussed above, multiple examining physicians opined that Plaintiff was prone to exaggerate in her subjective reporting of her symptoms. Thus, while there is no indication that Plaintiff was actually malingering, the ALJ identified clear and convincing evidence for discounting Plaintiff's credibility.

Accordingly, the Court finds that Plaintiff is not entitled to summary judgment on the ground that the ALJ's improperly discounted her testimony regarding her subjective symptoms.

### C.    **Step Four Analysis**

Plaintiff contends that the ALJ improperly found at Step Four that she could perform her past relevant work, thus finding she was not disabled. (Plaintiff Motion at 9-10.)

At Step Four, a claimant maintains the burden of showing that she cannot perform her previous work. Villa, 797 F.2d at 798. A claimant's burden requires proving not only an inability to return to her former job, but an inability to return to her former *type* of work. Id.

Here, the ALJ considered the testimony of a vocational expert who testified that Plaintiff's past relevant work as a housekeeper is light unskilled work. (TR 23, 88.) Since the ALJ found that Plaintiff's RFC allowed her to do light unskilled work, he found that she is able to return to her past relevant work as a housekeeper. (Id.) There are documents in the record where Plaintiff had previously indicated that her prior housekeeping job required her to frequently lift from 20 to 50 pounds, which would be inconsistent with light work. (See TR 159, 180, 187.) However, this evidence does not establish that Plaintiff is not capable of performing housekeeping work as it is performed in the national economy. Thus, Plaintiff failed to refute the submissions of the vocational expert and carry her burden at Step four.

Accordingly, the Court finds that Plaintiff is not entitled to summary judgment on the ground that the ALJ's improperly found at Step Four that she could perform her past relevant work.

In sum, the Court finds that the ALJ did not commit any reversible error in determining Plaintiff's RFC, discrediting Plaintiff's statement regarding her subjective symptoms and finding Plaintiff had failed to show that she is incapable of performing her past relevant work. Accordingly, the Court DENIES Plaintiff's Motion for Summary Judgment.

## V.  CONCLUSION

The Court DENIES Plaintiff's Motion for Summary Judgment. In light of the Court's finding that the ALJ did not commit any reversible error, the Court GRANTS Defendant's Motion for Summary Judgment. Judgment shall be entered accordingly.

Dated: September 30, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James Hunt Miller jim_miller0@yahoo.com
Leo Rufino Montenegro Leo.R.Montenegro@ssa.gov

**Dated: September 30, 2009**                               **Richard W. Wieking, Clerk**

                                                                            **By:   /s/ JW Chambers                    **
                                                                                   **Elizabeth Garcia**
                                                                                   **Courtroom Deputy**